```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**MICHAEL LEE STROPE**
**also known as GORDON E. STROPE,**

       **Plaintiff,**

                                                           CIVIL ACTION
     **vs.**                                            No. 05-3104-SAC

**CYNTHIA HENDRY, et al.,**

       **Defendants.**

**ORDER**

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. 1983 by a prisoner at the Lansing Correctional Facility. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

**Background**

Plaintiff brings this action against the following employees of the Kansas Department of Corrections (KDOC) and Aramark Correctional Services (Aramark), a private contractor providing institutional food service: Cynthia Hendry, Mental Health Coordinator; Erin Bindell, Mental Health staff; Renee Prew, Mental Health Staff; Kyle Deere, Assistant to the Warden; Frank Dorion, Aramark employee; David R. McKune,

Warden; and William Cummings, Assistant to the Secretary. Plaintiff alleges violations of the First, Eighth, and Fourteenth Amendments arising from his conditions of confinement, including access to mental health treatment, adequacy of the Kosher diet, adequacy of heat and hot water during the October-December 2004 period, and use and implementation of the grievance procedure.

Plaintiff also contends that certain defendants have retaliated against him for his use of the grievance procedure and legal remedies, that corrections officials have failed to properly process his grievances, and that defendants have conspired to violate his protected rights.

He seeks damages, declaratory and injunctive relief, and costs.

### Discussion

The Prison Litigation Reform Act of 1996 (PLRA) established that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a).

The use of administrative remedies is mandatory and

"resort to a prison grievance process must precede resort to a courts."  Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003)(citing Porter v. Nussle, 534 U.S. 516 (2002)), cert. denied, 125 S.Ct. 344 (2004).

The Prison Litigation Reform Act requires a prisoner to exhaust all claims through the available administrative grievances, and "the presence of unexhausted claims in [a prisoner's] complaint require[s] the district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).

The plaintiff bears the burden of demonstrating use of the grievance procedure, and "must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity."  Steele, 355 F.3d at 1211.

The court has examined the complaint and the forty-one exhibits plaintiff submits as proof of his exhaustion of available remedies.

In Counts 1 and 11, the court finds plaintiff has exhausted available remedies.  In the remaining counts, the court has identified deficiencies.  Each of the unexhausted counts is addressed separately.

In Count 2, plaintiff alleges:

> Defendant Renee Prew has violated my 1st, 8th, and 14th Amendment Rights to the U.S. Constitution by her intentional, disparate, and retaliatory treatment of plaintiff, plaintiff met with Prew twice...each time no changes were made and this led to plaintiff filing 2 separate complaints, Prew instructed the Unit Team staff and grievance reviews that if I filled out a referral I would be seen, this was just a part of her ongoing lies...I saw Miss Prew...and asked her why I was not being seen, she stated to me "because you filed 2 legal complaints and threatened to sue Cindy we have a hands off order on you" Prew discriminated against me and denied me access to the clinic and clinical programs that are available to all other inmates.... (Doc. 1, p. 12.)

The court has found no grievance in the materials supplied by the plaintiff which presents his claim that defendant Prew violated his rights by discrimination and denied access to the clinic and clinical programs after advising plaintiff that he was not being seen because he filed two legal complaints and threatened to sue defendant Hendry.[1]

In Count 3, plaintiff claims that defendant Hendry violated his rights:

---

[1] Plaintiff's claims in the grievances assert that he was denied access to programs. The responses, however, suggest that, in fact, plaintiff was advised that he was not being recommended for the individual counseling he desired and was told that he could participate in group therapy. Exs. 19a-19d.

4

> by a disparity in treatment, discrimination against plaintiff, by refusing ...treatment, failure to take corrective actions over harassing, retaliatory, and discriminatory treatments by her co-workers, Bindell and Prew....  Defendant Hendry is intentionally denying plaintiff treatments and services that are made available to all other prisoners. (Doc. 1, p. 12.)

The record shows that on September 28, 2004, plaintiff prepared a two-page document styled as an "'Official Legal Notice'" addressed to defendant Henry in which he cited her "failure to provide treatment, conspiring with co-defendants Erin Bindell, and Renee Prew, falsifying info. in a grievance response...and sexual disparate treatment and disparity in treatment, and for violations of...1st Amendment rights as well...." (Ex. 19.)  Plaintiff advised defendant Hendry that she had 30 days to provide "proper redress" and notified her that he intended to pursue federal criminal charges against her  and conspiracy charges.  Id.

On September 30, 2004, plaintiff submitted a grievance form in which he complained that defendants Hendry, Prew, and Bindell had "falsif[ied] info. on a grievance response, discriminations based on gender and disparity in treatment and ... den[ied] required treatment."  (Ex. 19a.)   However, neither that grievance form nor the appeals that followed

5

specifically allege that defendant Hendry intentionally failed to take corrective action or that she intentionally denied plaintiff treatment available to other prisoners. (Docs. 17, 19a-21.)

In Count 4, plaintiff alleges that defendants Henry, Bindell, and Prew:

> conspired together to violate my 1st, 8th, and 14th Amendment rights...independently and together by a disparity of treatment, discrimination by gender, harassment and retaliation, retaliatory conduct, denial of treatments, and unequal treatment based on plaintiff filing a complaint over their incompetent operations.  (Doc. 1, p. 14.)

The court has examined the relevant grievance materials and finds no specific claim of harassment, retaliation, or unequal treatment was presented.[2]

In Count 5, plaintiff asserts defendants Deere and McKune violated his rights:

> by intentional interference with and hindering plaintiff's free exercise of his religious diet...by...allowing Aramark to ...serve prisoners

---

[2] The plaintiff specifically alleged sexual discrimination, retaliation, unequal treatment, and failure to provide treatment in a letter addressed to the National Institute of Mental Health dated November 1, 2004 (Ex. 23). That correspondence, however, is not part of the administrative remedy procedure.

> spoiled and outdated foods...with the purpose of running them off the Kosher diets...by refusing to take corrective actions...altered reports and grievance responses to state and federal agencies, including Governor Sebelius...said acts are religious discrimination, religious persecution, disparity in treatment, denial of a balanced diet, cruel and unusual punishments, and conspiracy to violate civil rights.... (Doc. 1, pp. 13-14.)

The court finds no claim involving defendant Deere was presented through the grievance procedure.

In Count 6, plaintiff alleges defendant Dorion violated his First Amendment rights by:

> depriving me a balanced diet ... by constantly and daily serving..spoiled foods...which I grieved on a regular basis.... After this series of complaints Dorion made it a personal vendetta and daily retaliation ... that went unhampered. (Doc. 1, p. 14.)

The grievances cited by plaintiff do not mention defendant Dorion by name, nor is any specific allegation of a personal vendetta or daily retaliation made.

In Count 7, plaintiff asserts that defendant Dorion violated his rights under the Fourteenth Amendment:

> by an invidious and disparity in treatments, prisoners on the regular line would get a variety of fresh fruits and vegetables...plaintiff would daily receive rotten oranges.... No corrective actions were implemented to improve or correct these practices and it would actually get worse when the complaints were filed...the intent was to send the message to prisoners to stay off of Kosher diets,

>Dorion has even stated this to me at least 2 different times personally. (Doc. 1, p. 15.)

The exhibits attached to the complaint include plaintiff's claim concerning the quality and variety of food provided to inmates receiving the Kosher diet; however, the court has found no grievance alleging that defendant Dorion failed to take corrective action[3], that dietary service declined after complaints were filed, or that Dorion made statements or otherwise acted to discourage adherence to the Kosher diet.

In Count 8, plaintiff claims defendant Cummings violated his rights under the 1st, 8th, and 14th Amendments:

>by a series of degrading treatment that falls below the minimum contemporary standards of decency, not only did Cummings participate in the unlawful practices and refused to provide a remedy..but...he refused to take corrective actions over the following unlawful practices...mental health services denying prisoner treatment...disparity in treatment and retaliatory conduct against plaintiff for filing a complaint...Aramark Correctional services denying prisoners on Kosher diets fresh fruits...fresh salads and vegetables, which deprives prisoners who practice the tenets of their religion a balanced

---

[3] In a letter to the Governor's office, plaintiff asserted that the Secretary of Corrections and defendant Cummings refused to take corrective action and conspired with unnamed Aramark staff to discriminate against the Kosher diet. (Ex. 24, p. 2.)

> diet...serving prisoners on Kosher diets spoiled [foods] intentionally, and on-going for practicing their religion, and routinely retaliating against them after filing complaints...refusing personally to provide heat and hot water...to prisoners throughout October-December 2004. (Doc. 1, p. 16.)

The materials supporting the complaint contain a letter to the Governor dated November 10, 2004, in which plaintiff complained the Secretary and defendant Cummings denied him access to the grievance procedure and failed to take corrective action on grievances filed against Aramark and on others concerning access to mental health providers. (Ex. 26.) In a grievance filed in October 2004, plaintiff asserted that the Secretary, defendants Cummings and McKune, and all deputy wardens failed to provide adequate hot water and heat. (Ex. 29). The court has not identified any grievance specifically alleging that defendant Cummings either retaliated against prisoners who file complaints or failed to take corrective action against such retaliation by others.

In Count 9, plaintiff asserts defendant Cummings violated his First Amendment Rights "by retaliating against plaintiff for filing civil rights complaints on him and current complaints throughout this time frame of suit...said conducts was intentional and retaliatory and designed to punish plaintiff

9

for complaining." (Doc. 1, p. 17.)

As noted in the discussion of Count 8, the court has found no grievance or other material outside the complaint in which plaintiff specifically alleged retaliatory conduct by defendant Cummings.

In Count 10, plaintiff asserts defendant Cummings violated his Fourteenth Amendment rights "by a series of disparity in treatment and unequal protections...defendant treated plaintiff differently than all others similarly situated ... to send a message to others to deter them from filing complaints, grievances, and civil suits...." (Doc. 1, p. 17.)

The exhibits cited by the plaintiff in support of this claim assert that defendant Cummings denied plaintiff access to the grievance review process, failed to take corrective action, and conspired with Aramark staff members to discriminate against the recipients of religious special diets (Exs. 24 and 26). However, there is no grievance material included which shows plaintiff asserted the claims that defendant Cummings treated plaintiff differently than those similarly situated or otherwise acted to deter others from pursuing administrative or legal remedies.

In Count 12, plaintiff asserts defendants McKune, Deere, Dorion, and Cummings conspired to violate his rights under the 1st, 8th, and 14th Amendments:

> by intentionally denying basic human rights...by hindering investigations and delaying processing of reported violations...by intentional deprivations...[of] plaintiff's right to practice the tenets of his religion, by retaliatory conduct and sanctions ..for making complaints...by conspiring ...with defendant Frank Dorion to violate plaintiff's...rights....  (Doc. 1, p. 20).

The court finds the allegation of conspiracy is not presented in the grievance materials submitted in support of the complaint. The exhibits include a claim that "the Sec. of Corrections and his...assistant [defendant] Cummings...are currently conspiring with Aramark staff to discriminate against the religious Kosher diets to deny ...fruits and vegetables, to...serve us spoiled food...." (Ex. 24, p. 2), and a claim asserting "the Sec. of Corrections, [defendants] Cummings...McKune, and all deputy wardens... violat[ed]...rights of prisoners intentionally, deliberately, vindictively, and maliciously, by a failure to provide basic needs such as hot water...and for refusing to run the heat on...." (Ex. 29.)

These grievances do not allege a conspiracy among

11

defendants McKune, Deere, Dorion, and Cummings, as asserted in Count 12.

Finally, on October 27, 2005, plaintiff submitted a request for emergency assistance (Doc. 5) seeking an emergency order to direct the Secretary of the Department of Corrections or the Warden of the Lansing Correctional Facility to turn on the heating system. Plaintiff states that he has filed "complaints, grievances, and emergency grievances", but he has not provided copies of any such materials or a summary, as required by Steele. Id., 355 F.3d at 1207.

## Conclusion

After a thorough examination of the record, the court concludes plaintiff failed to fully exhaust all claims through available administrative remedies. Accordingly, the court dismisses this matter without prejudice pursuant to Ross v. County of Bernalillo.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED plaintiff's motions for leave to proceed in forma pauperis (Doc. 2) and for service (Doc. 3) are denied as moot.

IT IS FURTHER ORDERED plaintiff's motion for emergency assistance (Doc. 5) is denied.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 9th day of November, 2005, at Topeka, Kansas.

```
                              S/ Sam A. Crow
                              SAM A. CROW
                              U.S. Senior District Judge
```